[No. 1192.  Decided July 3, 1894.]

MARY BERGMAN, *Respondent*, v. JOHN A. SHOUDY *et al.*,
*Appellants.*

EVIDENCE—REFRESHING MEMORY—READING FROM MEMORANDUM.

In an action to recover the value of a trunk and its contents,
which had been stored with a warehouseman, it is inadmissible for
the plaintiff, in testifying to the contents of the trunk and their
value, to read from a memorandum describing its contents, which
had been prepared by her seven months subsequent to the deposit
of the trunk in the warehouse.

*Appeal from Superior Court, King County.*

*Allen & Powell*, for appellants.

*Turner & McCutcheon*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action instituted by re-
spondent against the appellants to recover the value of a
certain trunk, and its contents, which was stored with ap-
pellants, who were warehousemen.    The trunk remaining
in storage for such a time as was regarded by the appel-
lants as unreasonable, it was sold for storage charges.

It appeared upon the trial that at the time of receiving
the trunk the appellants gave to the respondent the follow-
ing receipt :

"No. 421.      SHOUDY BROS. & CO.    STORAGE RECEIPT.
                    SEATTLE, WASH., April 23, 1891.

"Received in store from M. Bergman the following de-
scribed property, subject to his order upon surrender of
this receipt and payment of charges, on the condition that
Shoudy Bros. & Co. shall not be liable for loss by fire or
any extraordinary act of the elements, nor for damage by
rats, mice, moths or any other vermin, nor from frost,
riot, insurrection or war.    Rates of storage .50 per month.
1 trunk, (marked) original."

In testifying to the contents of the trunk and the value of such contents, the plaintiff was permitted, over the defendant's objection, to use and testify from a certain memorandum which purported to contain a list of the several articles contained in the trunk, with their respective values; which memorandum was made on the 29th day of November, 1891, after she had inspected the contents of the trunk subsequent to the sale.    We think there is no substantial merit in the first and second assignments of error by appellants, but are satisfied that the third assignment is meritorious, and that the court should not have permitted the plaintiff to use the memorandum in testifying.    The statement of facts shows that the trunk was deposited on April 23, 1891, and the memorandum was not made out until November 29th following.    Hence it will be seen that it was over seven months from the time the trunk was deposited and was in the possession of the respondent before the memorandum was made; and was in no sense a memorandum from which the witness could refresh her mind concerning what the contents of the trunk were, or the value of the contents, at the time it was deposited.    A memorandum of this kind appeals to the mind of the jury as being something reliable, and if a witness after so great a length of time is allowed to introduce this character of testimony it is very liable to prejudice the minds of the jurors.    The general rule is that a witness may, while under examination, refresh his memory by referring to any writing made by himself at the time of the transaction concerning which he is questioned, or so soon afterwards that it will reasonably appear that the transaction was fresh in his memory. Reynolds' Stephen on Evidence, p. 189.    The circumstances as testified to by the respondent show that the memorandum in this case did not fall within this rule.    Such being the case, the memorandum should not have been brought to bear upon the jury.

For the error committed in this respect the cause must be reversed and a new trial granted.

ANDERS, HOYT, STILES and SCOTT, JJ., concur.